# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2022

Lyle W. Cayce
Clerk

No. 21-60363
Summary Calendar

---

Maria Jeannette Penaloza-Megana,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 770 503

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Maria Jeannette Penaloza-Megana, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the immigration judge (IJ) denying withholding of removal and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60363

(CAT).  We review the BIA's decision and will consider the IJ's underlying decision only insofar as it influenced the BIA's decision. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The IJ and the BIA determined that Penaloza-Megana's proposed particular social group (PSG), which was based on family membership, was not cognizable; additionally, the agency determined that Penaloza-Megana had not established a nexus between her membership in a PSG and the harm she experienced in the past or her fear of future harm.  Penaloza-Megana argues that a remand is warranted for a proper analysis of her proposed PSG because, in making their determinations, both the IJ and the BIA relied on a case that has since been overruled by the Attorney General (AG). *See Matter of L-E-A-*, 27 I & N Dec. 581 (A.G. 2019), *vacated by Matter of L-E-A-*, 28 I & N Dec. 304 (A.G. 2021).

We need not resolve the cognizability of a PSG before addressing the dispositive nexus issue. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 268-69 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019); *see also Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018), *as revised* (Aug. 2, 2018).  Penaloza-Megana has abandoned any challenge with respect to the dispositive nexus issue by failing to brief it.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Therefore, a remand is not required for consideration of the cognizability of the proposed PSG.

Further, a remand is not warranted due to the BIA's reliance on the now-vacated decision in *Matter of A-B-*, 27 I & N Dec. 316, 340 (A.G. 2018), *vacated by Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021).  The BIA cited that case merely to signal that, given its determination as to the dispositive nexus issue, it was unnecessary to address other elements of her claim.

No. 21-60363

Penaloza-Megana's remaining attack on the agency's denial of her claim for withholding of removal concerns the agency's treatment of the testimony of her expert witness; she contends that the IJ and the BIA erred by reaching a determination contrary to the expert's opinion without a proper analysis. However, the expert's testimony had no bearing on the dispositive nexus issue; it was relevant only to the unrelated question whether the Mexican government would be unable or unwilling to control Penaloza-Megana's persecutors. Accordingly, we need not consider the issue. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, Penaloza-Megana has not briefed and thus has abandoned any challenge to the denial of her claim for protection under the CAT. *See Soadjede*, 324 F.3d at 833.

The petition for review is DENIED.